UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL PLETCH and MICHAEL
MURPHY,

     Plaintiffs,

v.                                           Case No. 8:07-cv-843-T-24 MSS

ALLISON TRANSMISSION, ET AL.,

     Defendants.

_____/

**ORDER**

This cause comes before the Court on Defendant Freightliner Custom Chassis Corporation's ("Freightliner") Motion to Dismiss or for Summary Judgment and for Sanctions Pursuant to 28 U.S.C. § 1927. (Doc. No. 15). Plaintiffs have not filed a response in opposition despite the Court's Order warning them that failure to respond would result in the Court considering the motion to be unopposed. (Doc. No. 19).

**I. Standard of Review for Summary Judgment**[1]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by

---

[1] Since Freightliner has submitted affidavits to be considered in connection with the instant motion, the Court will treat the motion as a motion for summary judgment.

"showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. <u>Id.</u> at 325. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. <u>Id.</u> at 324. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. <u>See</u> <u>Samples on behalf of Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988).

## II. Motion for Summary Judgment

Plaintiffs filed suit against Defendant Freightliner relating to an allegedly defective recreational vehicle, a 2005 Country Coach Allure. Plaintiffs assert two claims against Freightliner–a claim under the Magnuson-Moss Act and a claim under Florida's Deceptive and Unfair Trade Practices Act. In response, Freightliner filed the instant motion, in which it presents evidence that it did not supply the chassis for the subject vehicle, because Freightliner does not supply chassis for Country Coach units. (Exhibits attached to Doc. No. 15).

Plaintiffs have not responded, and as such, there is no evidence before the Court in support of their claims against Freightliner. Given Freightliner's undisputed evidence that it did not supply the chassis for the subject vehicle, the Court finds that summary judgment should be granted in favor of Freightliner.

## III. Motion for Sanctions

Freightliner also requests sanctions, pursuant to 28 U.S.C. § 1927. Plaintiffs have not

responded to this request.  As such, Plaintiffs are directed to respond to this request by July 27, 2007 or the Court will consider Freightliner's request for sanctions to be unopposed and will grant the motion.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Freightliner's Motion to Dismiss or for Summary Judgment and for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. No. 15) is **GRANTED IN PART AND DEFERRED IN PART**: The motion is **GRANTED** to the extent that the Court **GRANTS** summary judgment in favor of Freightliner on Plaintiffs' claims against Freightliner (and denies as moot the motion to dismiss).  The motion is **DEFERRED** to the extent that Freightliner seeks sanctions.  Plaintiffs are directed to respond to Freightliner's request for sanctions by July 27, 2007 or the Court will consider Freightliner's request for sanctions to be unopposed.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of July, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record