UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL PLETCH and MICHAEL
MURPHY,

       Plaintiffs,

v.                                  Case No.  8:07-cv-843-T-24 MSS

ALLISON TRANSMISSION, ET AL.,

       Defendants.

_____/

## **ORDER**

      This cause comes before the Court on Defendant Freightliner Custom Chassis Corporation's ("Freightliner") Motion for Attorney Fees.  (Doc. No. 26).  Plaintiffs' counsel has not filed a response, despite the Court's Order warning him that failure to respond would result in the Court considering the motion to be unopposed.  (Doc. No. 22).  Plaintiffs' counsel's response was due on August 27, 2007, and subsequently, the Court extended the deadline to August 31, 2007.  (Doc. No. 38).  However, to date, a response to the motion has not been filed. As such, the Court considers the motion to be unopposed.

      Plaintiffs filed suit against Defendant Freightliner relating to an allegedly defective recreational vehicle, a 2005 Country Coach Allure.  Plaintiffs asserted two claims against Freightliner–a claim under the Magnuson-Moss Act and a claim under Florida's Deceptive and Unfair Trade Practices Act.  In response, Freightliner filed a motion for summary judgment, in which it presented evidence that it did not supply the chassis for the subject vehicle.  Plaintiffs did not respond to the motion, and as a result, the Court granted summary judgment in favor of Freightliner.  (Doc. No. 20).

Freightliner also sought sanctions, pursuant to 28 U.S.C. § 1927.  (Doc. No. 15).
Plaintiffs' counsel did not respond to this request.  As a result, the Court granted the motion and
directed Freightliner to file a motion for attorneys' fees and costs.  (Doc. No. 22).  In response,
Freightliner filed the instant motion, to which Plaintiffs' counsel has not responded, despite the
Court sua sponte extending the deadline to respond to August 31, 2007.  (Doc. No. 38).  The
Court warned Plaintiffs' counsel that failure to respond would result in the Court considering the
motion to be unopposed, and the Court would grant the motion.  (Doc. No. 38).  As such, the
Court will award Freightliner its reasonable attorneys' fees.

Freightliner seeks $11,776.00 in attorneys' fees based on the following: (1) Melissa
Allaman (attorney) expended 25.9 hours on the case at a rate of $300 per hour, totaling
$7,770.00; (2) Virginia Gulde (law clerk, third-year law student) expended 32.8 hours at a rate of
$120 per hour, totaling $3,936.00; and (3) Elaine Maskevich (paralegal) expended .5 hours at a
rate of $140 per hour, totaling $70.00.  Freightliner has submitted an affidavit of Bruce Bennett,
Esq. as to the reasonableness of these amounts.  (Doc. No. 28).  Mr. Bennett states that the Ms.
Allaman and Ms. Gulde's hourly rates are within the range of reasonable hourly rates in the
community, and he estimates $100-120 per hour as a reasonable rate for a paralegal.
Accordingly, the Court finds that the hourly rates of $300 for Ms. Allaman, $120 for Ms. Gulde,
and $120 for Ms. Maskevich are reasonable.

Additionally, the Court has reviewed the billing records in this case and finds that the
hours expended by Ms. Allaman, Ms. Gulde, and Ms. Maskevich were reasonable.  (Doc. No.
27).  As such, the Court finds that an award of $11,766.00[1] in attorneys' fees is reasonable in this

---

[1]Due to the reduction in Ms. Maskevich's hourly rate from $140 to $120.

case.

Accordingly, it is ORDERED AND ADJUDGED that Freightliner's Motion for Attorney

Fees (Doc. No. 26) is **GRANTED** to the extent that the Court imposes sanctions against

Plaintiffs' counsel, D. Rand Peacock, Jr., in the amount of $11,766.00.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of September, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3