UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL PLETCH and MICHAEL
MURPHY,

    Plaintiffs,

v.                                        Case No.  8:07-cv-843-T-24 MSS

ALLISON TRANSMISSION, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' counsel's response to Defendant Freightliner's motion for sanctions and second motion for reconsideration.  (Doc. No. 41).

Plaintiffs filed suit against Defendant Freightliner relating to an allegedly defective recreational vehicle, a 2005 Country Coach Allure.  Plaintiffs asserted two claims against Freightliner–a claim under the Magnuson-Moss Act and a claim under Florida's Deceptive and Unfair Trade Practices Act.  In response, on June 22, 2007, Freightliner filed a motion for summary judgment, in which it presented evidence that it did not supply the chassis for the subject vehicle.  (Doc. No. 15).  Plaintiffs did not respond to the motion, despite the Court issuing a show cause order, and as a result, the Court granted summary judgment in favor of Freightliner.  (Doc. No. 19, 20).

Freightliner also sought sanctions in its summary judgment motion, pursuant to 28 U.S.C. § 1927.  (Doc. No. 15).  Plaintiffs' counsel did not respond to this request, despite the Court directing him to do so.  (Doc. No. 20).  As a result, the Court granted the motion and directed Freightliner to file a motion for attorneys' fees and costs.  (Doc. No. 22).

Thereafter, Freightliner filed a motion for attorneys' fees. (Doc. No. 26). Plaintiffs' counsel attempted twice to file a motion for reconsideration, but the documents were filed incorrectly and terminated, and counsel was notified to re-file them. (Doc. No. 29, 37). Thereafter, the Court sua sponte extended the deadline to respond to the motion for attorneys' fees until August 31, 2007. (Doc. No. 38). The Court warned Plaintiffs' counsel that failure to respond would result in the Court considering the motion to be unopposed, and the Court would grant the motion. (Doc. No. 38). Plaintiffs' counsel did not respond to the motion, and on September 6, 2007, the Court awarded Freightliner its reasonable attorneys' fees, totaling $11,766.00. (Doc. No. 40).

Later that day, Plaintiffs' counsel filed the instant motion for reconsideration–approximately two-and-a-half months after the original motion for summary judgment and sanctions was filed. (Doc. No. 41). However, due to Plaintiffs' counsel's lack of diligence in responding to the pending motions (despite the Court reminding him to do so), the Court is not persuaded that its prior rulings should be reconsidered.

Plaintiffs' counsel's motion is based on his failure to update his email address, which resulted in him not receiving documents filed in this case. However, based on the notice of electronic filing produced by CM/ECF, his email address was updated by August 29, 2007, and on that date he received a copy of the Court's order directing him to respond to the motion for attorneys' fees by August 31, 2007. (Doc. No. 38). Despite this Court's order, Plaintiffs' counsel's next filing was the instant motion, which was not filed until September 6, 2007. Thus, even if the Court were to excuse Plaintiffs' counsel's lack of diligence in updating his email

address,[1] he still failed to timely respond to the motion for attorneys' fees and failed to timely move for reconsideration of the Court's prior orders.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' counsel's motion for reconsideration (Doc. No. 41) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of September, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] This case was removed to this Court on May 17, 2007. One wonders why Plaintiffs' counsel did not notice that he was not receiving Court filings prior to August 29, 2007.