UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL PLETCH and MICHAEL MURPHY,

      Plaintiffs,

v.                                             Case No. 8:07-cv-843-T-24 MSS

ALLISON TRANSMISSION, ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Freightliner Custom Chassis Corporation's ("Freightliner") Motion for Attorney Fees Incurred in Pursuing Payment of the September 6, 2007 Sanction Award. (Doc. No. 58). Plaintiffs' counsel has not filed a response, despite the Court's Order warning him that failure to respond would result in the Court considering the motion to be unopposed. (Doc. No. 57). As such, the Court considers the motion to be unopposed.

**I. Background**

Plaintiffs filed suit against Defendant Freightliner relating to an allegedly defective recreational vehicle, a 2005 Country Coach Allure. Plaintiffs asserted two claims against Freightliner–a claim under the Magnuson-Moss Act and a claim under Florida's Deceptive and Unfair Trade Practices Act. In response, on June 22, 2007, Freightliner filed a motion for summary judgment, in which it presented evidence that it did not supply the chassis for the subject vehicle. (Doc. No. 15). Plaintiffs did not respond to the motion, despite the Court issuing a show cause order, and as a result, the Court granted summary judgment in favor of

Freightliner. (Doc. No. 19, 20).

Freightliner also sought sanctions in its summary judgment motion, pursuant to 28 U.S.C. § 1927. (Doc. No. 15). Plaintiffs' counsel did not respond to this request, despite the Court directing him to do so. (Doc. No. 20). As a result, the Court granted the motion and directed Freightliner to file a motion for attorneys' fees and costs. (Doc. No. 22).

Thereafter, Freightliner filed a motion for attorneys' fees. (Doc. No. 26). Plaintiffs' counsel attempted twice to file a motion for reconsideration, but the documents were filed incorrectly and terminated, and counsel was notified to re-file them. (Doc. No. 29, 37). Thereafter, the Court sua sponte extended the deadline to respond to the motion for attorneys' fees until August 31, 2007. (Doc. No. 38). The Court warned Plaintiffs' counsel that failure to respond would result in the Court considering the motion to be unopposed, and the Court would grant the motion. (Doc. No. 38). Plaintiffs' counsel did not respond to the motion, and on September 6, 2007, the Court awarded Freightliner its reasonable attorneys' fees, totaling $11,766.00. (Doc. No. 40). Thereafter, Plaintiffs' counsel filed a motion for reconsideration, which the Court denied. (Doc. No. 41, 45).

Plaintiffs' counsel did not immediately pay the sanction, and on December 11, 2007, Freightliner requested that the Court award Freightliner its reasonable attorney's fees incurred in pursuing payment of the sanction award from Plaintiffs' counsel. The Court granted Freightliners' request and told it to file a motion for attorneys' fees. The Court warned Plaintiffs' counsel that if he did not file a timely response, the Court would consider the motion to be unopposed.

**II.  Motion for Attorneys' Fees**

Freightliner seeks $3,030.00 in attorneys' fees based on Melissa Allaman, Esq. expending 10.1 hours attempting to collect the sanction award from Plaintiffs' counsel.  Her rate is $300 per hour.  Freightliner has submitted an affidavit of Bruce Bennett, Esq. as to the reasonableness of her hourly rate.  Mr. Bennett states that the Ms. Allaman's hourly rate is within the range of reasonable hourly rates in the community and that her rate is reasonable.

Additionally, the Court has reviewed the billing records in this case and finds that the hours expended by Ms. Allaman were reasonable.  As such, the Court finds that an award of $3,030.00 in attorneys' fees is reasonable in this case.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Freightliner's Motion for Attorney Fees Incurred in Pursuing Payment of the September 6, 2007 Sanction Award (Doc. No. 58) is **GRANTED**, and the Court imposes sanctions against Plaintiffs' counsel, D. Rand Peacock, Jr., in the amount of $3,030.00.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of January, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record