UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL PLETCH and MICHAEL
MURPHY,

      Plaintiffs,

v.                                          Case No.  8:07-cv-843-T-24 MSS

ALLISON TRANSMISSION, ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court Defendants' motion to dismiss or for sanctions due to Plaintiff Michael Murphy's failure to appear at Court-ordered mediation, among other things. (Doc. No. 90).  Plaintiffs oppose the motion.  (Doc. No. 93).  The Court held a hearing addressing this motion on March 27, 2008.  Because Murphy's failure to attend mediation is just one more example of Plaintiffs' counsel's failure to properly litigate this case and to comply with Court orders, the Court finds that dismissal without prejudice is warranted.

**I.  Background**

Plaintiffs filed suit against Freightliner, Country Coach, Lazy Days, and others relating to an allegedly defective recreational vehicle, a 2005 Country Coach Allure.  Plaintiffs asserted two claims against Freightliner–a claim under the Magnuson-Moss Act and a claim under Florida's Deceptive and Unfair Trade Practices Act.  In response, on June 22, 2007, Freightliner filed a motion for summary judgment, in which it presented evidence that it did not supply the chassis for the subject vehicle.  (Doc. No. 15).  Plaintiffs did not respond to the motion, despite the Court issuing a show cause order, and as a result, the Court granted summary judgment in favor

of Freightliner. (Doc. No. 19, 20).

Freightliner also sought sanctions in its summary judgment motion, pursuant to 28 U.S.C. § 1927. (Doc. No. 15). Plaintiffs' counsel did not respond to this request, despite the Court directing him to do so. (Doc. No. 20). As a result, the Court granted the motion and directed Freightliner to file a motion for attorneys' fees and costs. (Doc. No. 22).

Thereafter, Freightliner filed a motion for attorneys' fees. (Doc. No. 26). Plaintiffs' counsel attempted twice to file a motion for reconsideration, but the documents were filed incorrectly and terminated, and counsel was notified to re-file them. (Doc. No. 29, 37). Thereafter, the Court sua sponte extended the deadline to respond to the motion for attorneys' fees until August 31, 2007. (Doc. No. 38). The Court warned Plaintiffs' counsel that failure to respond would result in the Court considering the motion to be unopposed, and the Court would grant the motion. (Doc. No. 38). Plaintiffs' counsel did not respond to the motion, and on September 6, 2007, the Court awarded Freightliner its reasonable attorneys' fees, totaling $11,766.00. (Doc. No. 40). Thereafter, Plaintiffs' counsel filed a motion for reconsideration, which the Court denied. (Doc. No. 41, 45).

Plaintiffs' counsel did not immediately pay the sanction, and on December 11, 2007, Freightliner requested that the Court award Freightliner its reasonable attorney's fees incurred in pursuing payment of the sanction award from Plaintiffs' counsel. The Court granted Freightliners' request and told it to file a motion for attorneys' fees. The Court warned Plaintiffs' counsel that if he did not file a timely response, the Court would consider the motion to be unopposed. (Doc. No. 57). Not surprisingly, Plaintiffs' counsel did not file a response, and on January 18, 2008, the Court imposed sanctions against Plaintiffs' counsel in the amount

of $3,030.00. (Doc. No. 61). On the date of the March 27, 2008 hearing, Freightliner's counsel finally received payment of the January 18, 2008 sanction award of $3,030.

On February 22, 2008, the Court directed Plaintiffs to file a notice by March 8, 2008 informing the Court of the mediator selected by the parties and the date of their mediation. (Doc. No. 67). Again, Plaintiffs' counsel did not respond, and the Court selected a mediator and mediation date without any input from the parties. (Doc. No. 69). Plaintiffs' counsel attempted to file a motion for Plaintiff Michael Murphy to appear at the mediation by phone (Doc. No. 83), but he attached the wrong document, and the motion was terminated (Doc. No. 85). Without obtaining Court permission (and despite the Court informing Plaintiffs' counsel when he called that the Court rarely grants such a motion), Plaintiff Michael Murphy participated in mediation by phone. (Doc. No. 89). As a result, Defendants Country Coach and Lazy Days filed the instant motion to dismiss or for sanctions due to Michael Murphy's failure to appear at the Court-ordered mediation. (Doc. No. 90).

Defendant Country Coach moved to dismiss Count VI of the complaint or require Plaintiffs to post a bond. (Doc. No. 66). Plaintiffs did not respond, and the Court issued an order to show cause warning Plaintiffs that failure to respond by March 14, 2008 would result in the Court deeming the motion to be unopposed and dismissing Count VI. (Doc. No. 71). Again, Plaintiffs' counsel did not respond, so the Court dismissed Count VI. (Doc. No. 74).

**II.  Motion to Dismiss or For Sanctions**

Defendants Country Coach and Lazy Days move for dismissal of this case due to Murphy's failure to attend the mediation, as well as Plaintiffs' failure to comply with Court orders. At the March 27th hearing, Plaintiffs' counsel informed the Court that Murphy's failure

to attend the mediation in person was due to his failure to give Murphy notice of the mediation more than 48 hours prior to the mediation, despite the fact that the mediation was set almost three weeks prior to the mediation (and Plaintiffs had the ability to control the date of the mediation if they had responded to the Courts' orders[1]).

At the hearing, Defendants raised for the first time that Plaintiff Pletch may lack standing to pursue the claims in this case. Plaintiffs were given the opportunity to brief this issue, but they did not do so. (Doc. No. 91). Upon review, the Court finds that Plaintiff Pletch lacks standing to sue in this case. As such, his claims are dismissed without prejudice due to the Court's lack of subject matter jurisdiction over his claims.[2]

The Court finds that Plaintiffs' counsel's conduct in this case has been completely unacceptable.[3] Plaintiffs' counsel has engaged in a clear pattern of continuously disregarding Court orders and monetary sanctions. As a result, the Court finds that dismissal without prejudice is the only appropriate remedy in this case.[4] See Abreu-Velez v. Board of Regents of University System of Ga., 248 Fed. Appx. 116, 118 (11th Cir. 2007)(citation omitted)(stating that dismissal is appropriate when a party engages in a clear pattern of delay or willful contempt, and lesser sanctions will not suffice); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)(stating

---

[1] Doc. No. 21 and 67

[2] The Court notes that since Pletch lacks standing in this case, Pletch's attendance at the mediation was not proper and could not suffice for Murphy.

[3] The Court notes that the magistrate judge assigned to this case, Judge Scriven, has also been having similar problems with Plaintiffs' counsel. (Doc. No. 49, 52, 70, 72, 87, 94, 99, 100).

[4] Plaintiffs' counsel requested that if the Court does dismiss this case, that it do so without prejudice.

that in some situations, a court can dismiss a case even if the plaintiff is not actually culpable, if no other sanction could cure the harm that the attorneys' misconduct caused the defendant).

The Court finds that dismissal is appropriate because Plaintiff Murphy does not appear to be seriously committed to the pursuit of his claims. Murphy has delegated the handling of his claim to his brother-in-law, Pletch, because tending to this case conflicts with the time restraints of Murphy's job. Additionally, Murphy stated at the April 14, 2008 hearing before Judge Scriven that he would like Mr. Peacock to continue to represent him, despite Mr. Peacock's numerous orders of sanctions over the past two years. Accordingly, the Court finds that sanctions of anything other than dismissal would not suffice.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) This Court lacks subject matter jurisdiction over Plaintiff Pletch's claims, since he lacks standing, and as such, his claims are dismissed without prejudice.

(2) Defendants' motion to dismiss or for sanctions (Doc. No. 90) is **GRANTED TO THE EXTENT** that the Court dismisses Plaintiff Murphy's claims without prejudice.

(3) The Clerk is directed to close this case and to terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of April, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record